## UNIVERSAL NEON EQUIPMENT CO. et al. v. BREFELD.

### Civ. No. 418.

District Court, E. D. Illinois.
April 13, 1942.

H. G. Baker (of Baker, Lesemann, Kagy & Wagner), of East St. Louis, Ill., and Ira Milton Jones, of Milwaukee, Wis., for plaintiffs.

J. Ralph Barrow, of Akron, Ohio, and R. J. Kramer (of Kramer, Campbell, Costello & Wiechert), of East St. Louis, Ill., for defendant.

WHAM, District Judge.

This suit involves United States Patents No. 1,585,318 entitled "Time Controlled Electric Signaling Device" and No. 1,-585,319 entitled "Periodic Electric Signaling Device," both issued May 18, 1926. The patentee in each was A. W. Tupper. The plaintiff, Universal Neon Equipment Company, hereinafter referred to as Universal, owns both patents and the plaintiff, the Prime Manufacturing Company, hereinafter referred to as Prime, is the manufacturer of electric fence controllers under both patents by virtue of exclusive licenses.

Plaintiffs refer to patent No. 1,585,318 as the "Double Spring Timing Patent" and to patent No. 1,585,319 as the "Buffer Patent," claiming such references to be accurately descriptive of the novel feature claimed in each structure. Neither patent was devised for the specific purpose of being used in an electric fence controller but each was intended for use in an electric signaling device. But not only has plaintiff, Prime, successfully adapted the patents to use in the manufacture of electric fence controllers but a large number of other concerns engaged in the manufacture of electric fence controllers operate by virtue of and under licenses to use said patents.

Plaintiffs charge that an electric fence controller purchased from the Parker-McCrory Manufacturing Company of Kansas City, Missouri, hereinafter referred to as Parker-McCrory, by the defendant, Anthony C. Brefeld, doing business at Trenton, Illinois, under the name of Brefeld Hardware Company, hereinafter referred to as Brefeld, and resold by him at his place of business in Trenton, Illinois, infringes claim 11 of patent No. 1,585,318 and claim 19 of patent No. 1,585,319. The sale of the accused structure by Brefeld and its manufacture by Parker-McCrory, both without license, was proven by plaintiffs and not denied by Brefeld and Parker-McCrory, but both denied the validity and infringement of each of the patents. Laches and estoppel are also set up in the answer and urged as defenses. Though Parker-McCrory was not made a party to the suit it assumed the burden and full control of the defense.

These patents were before this court in Civil Action No. 106 entitled Edward J. Gengler, Universal Neon Equipment Company, a corporation, and The Prime Manufacturing Company, a corporation, Plaintiffs, v. Sears, Roebuck and Company, Defendant,[1] filed May 2, 1939, in which case I upheld the validity of claim 11 of patent No. 1,585,318 and claim 19 of patent No. 1,585,319 and held each to be infringed by the accused Sears electric fence controllers. A reconsideration and study of these claims in view of the prior art urged in the Sears suit and again urged by the defendants in this suit, and in view of the additional prior art, including other prior patents, urged in this suit which were not urged in the Sears suit, leads me again to the conclusion that said claims are valid. Furthermore, after such further study I am impressed with the thought that the invention in said claim 11 is well expressed by the descriptive phrase "double spring timing patent" and in said claim 19 by the words "buffer patent." The sure, persistent, well timed contact made possible by the first and the absorption of excess energy through the buffer control achieved by the second have proved highly valuable in the construction and operation of successful electric fence controllers. In my

---

[1] No opinion for publication.

judgment, each involved invention and neither, in its true essence, was anticipated by any of the prior art cited by defendants.

A study of the accused structure in the light of the evidence persuades me that it makes use of the novel feature of said patents covered by said claims 11 and 19 respectively and infringes both. Certainly, the same sure, persistent, well timed contact sought in said claim 11 is obtained by Parker-McCrory through a combination of a week leaf spring with a light coil spring and a heavy coil spring acting successively. Though the form and the arrangement of parts to secure this result are different from the drawings and teachings of the patent, the difference lies in form and arrangement only. The principle applied is the same, the function of the parts is the same and the way in which that function is performed is substantially identical with that taught in said claim 11.

In like manner the buffer arrangement in the accused structure, while undoubtedly less effectual as a buffer than the means taught by the patent, is within the teaching of said claim 19. The synthane covered pin on the balance wheel striking against the top of the comparatively rigid projection of the armature on the clockwise movement of the balance wheel, when excess energy is applied, does absorb, at least in large measure, such excess energy. The fact that neither the synthane pin nor the comparatively rigid armature are as completely non-resilient as taught by the patent or as may be necessary to obtain the best results as a buffer does not prevent them, under the arrangement of the accused structure, from coming within the scope and meaning of the buffer patent and claim 19 of said patent. The fact that in normal operation the synthane pin does not strike the armature is without significance. The buffer patent is essentially a safety or regulatory device the functioning of which is required only when "excess energy" is applied.

It is my conclusion that claim 11 of patent number 1,585,318 and claim 19 of patent No. 1,585,319, are both valid and, under the doctrine of equivalents properly applied, each is infringed by the accused structure.

It appears that a suit entitled Universal Neon Equipment Company v. Carl Oberlin, filed in the Northern District of Ohio, charged said Oberlin with the infringement of the patents here in suit by use of a fence unit manufactured by Parker-McCrory. Said suit was dismissed by plaintiff, without prejudice, June 6, 1938, and though Parker-McCrory continued to manufacture and sell the structure which was accused in said suit no further charge of infringement was made against them or against their customers to the knowledge of Parker-McCrory until a few months before the suit now before the court was filed in April, 1941. Meanwhile, Parker-McCrory had increased its investment in the manufacture and distribution of its said fence controller, believing, as it says, from said conduct of the plaintiff that there would be no further charges of infringement. It appears, however, that Parker-McCrory was not an actual party to the Oberlin suit and was not known by the plaintiff Universal as participating in the suit. It appears, further, that Parker-McCrory did know about the above-mentioned suit by plaintiffs against Sears, Roebuck and Company in which suit plaintiff's patents were found by this court to be valid and infringed. It also appears that the Sears structure, though Parker-McCrory says it was vastly different, was sufficiently similar to theirs to put them on notice of a probable charge of infringement, if they continued to put out their structure. Other pertinent facts could be recited but it is sufficient to say that the defendants have failed, in my judgment, to sustain the affirmative defenses of laches and estoppel. Under all the facts, it cannot be fairly said that plaintiffs have been lacking in diligence in a measure sufficient to defeat their rights to have their said patents sustained and protected.

Plaintiffs are entitled to relief as prayed in their bill. Counsel for plaintiffs will prepare and present proposed findings, conclusions and form of decree pursuant to this memorandum, upon ten days' notice to opposite counsel.